## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

JEFFREY D. WINNINGHAM,            )
                                  )
                Plaintiff,        )
                                  )
v.                                )                    CV423-159
                                  )
MARTIN O'MALLEY,[1]               )
*Commissioner of Social Security*, )
                                  )
                Defendant.        )

## ORDER

Plaintiff Jeffrey D. Winningham seeks judicial review of the Social Security Administration's denial of his application for Supplemental Security Income (SSI).

## I.    GOVERNING STANDARDS

In social security cases, courts

> . . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Id.* at 1178

---

[1]   Martin O'Malley is now the Commissioner of Social Security and has been substituted for Acting Commissioner Kilolo Kijakazi as the defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. The Clerk is **DIRECTED** to update the docket accordingly.

> (internal quotations and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.,* 771 F.3d 780, 782 (11th Cir. 2014).

*see also Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) ("Substantial evidence . . . is 'more than a mere scintilla.' [Cit.]  It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (citations omitted)).

The burden of proving disability lies with the claimant.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).  The ALJ applies

> . . . a five-step, "sequential" process for determining whether a claimant is disabled.  20 C.F.R. § 404.1520(a)(1).  If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step.  *Id*. § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id*. § 404.1520(a)(4)(i).  At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe."  *Id*. § 404.1520(a)(4)(ii).  At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment.  *Id*. § 404.1520(a)(4)(iii).  If not, the ALJ must then determine at step four whether the claimant has the RFC[2] to perform her

---

[2] At steps four and five, the ALJ assesses the claimant's residual functional capacity (RFC) and ability to return to her past relevant work.  *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004).  RFC is what "an individual is still able to do despite the limitations caused by his or her impairments."  *Id*. (citing 20 C.F.R. § 404.1545(a);

past relevant work. *Id.* § 404.1520(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience. An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a [Vocational Expert (VE)].

*Stone v. Comm'r. of Soc. Sec. Admin.*, 596 F. App'x. 878, 879 (11th Cir. 2015) (footnote added).

## II.   BACKGROUND

Winningham, who was born on November 10, 1985, was 31 years old when he applied for SSI and 36 years old at the time of the final decision. *See* tr. 26, 542. He alleges disability beginning on March 23, 2017. Tr. 29, 542. Winningham has at least a high school education and no past relevant work. Tr. 48.

After a February 3, 2021 hearing, tr. 153-74 (2021 hearing transcript), ALJ Craig Petersen issued an unfavorable decision, tr. 269-95. In the RFC, Judge Petersen found that Winningham "requires an assistive device to ambulate to and from the work area." Tr. 278. A

---

*Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012). "The ALJ makes the RFC determination based on all relevant medical and other evidence presented. In relevant part, the RFC determination is used to decide whether the claimant can adjust to other work under the fifth step." *Jones v. Comm'r of Soc. Sec.*, 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

vocational expert ("VE") testified during the 2021 hearing that whether Winningham could engage in competitive employment depended on the kind of assistive device he required. *See* tr. 171-72 (2021 hearing transcript). Judge Petersen did not specify the type of device Winningham needed in his decision. *See generally* tr. 278-86. Consequently, the Appeals Council ("AC") vacated and remanded Judge Petersen's decision to a new ALJ with the instructions that the new ALJ would obtain additional evidence concerning, among other things, "what type of assistive device, if any, is required." Tr. 297-98.

Winningham's case was assigned to ALJ Antony Saragas on remand. Judge Saragas held another hearing on September 20, 2022, tr. 132-52, and subsequently issued another unfavorable decision, tr. 26-58. Judge Saragas found that Winningham's bilateral degenerative joint disease of the knees, factor IX hemophilia, and chronic headaches constituted severe impairments,[3] but that none of his impairments, alone or in combination, met or medically equaled a Listing. Tr. 32-35.

---

[3] The ALJ found that Winningham's major depressive disorder "does not cause more than minimal limitation on his ability to perform basic mental work activities and, therefore, is non-severe." Tr. 33.

Judge Saragas then found that Winningham retained the RFC for sedentary work as defined in 20 C.F.R. § 416.967(a) except:

> he can occasionally stoop, kneel, crouch, and climb ramps and stairs. He should not crawl or climb ladders, ropes, or scaffolds. He should not work around workplace hazards (e.g., unprotected heights and moving mechanical parts) or on uneven terrain. He should not perform commercial driving or operate foot controls with either lower extremities. There should be no production pace work (i.e. work affected by or affecting pace of others, such as assembly line work). The claimant should have access to the use of a cane (an assistive device) to be used in one upper extremity for any standing/walking.

Tr. 35-36; *see also* tr. 35-48. Winningham, the ALJ determined, could perform jobs that exist in significant numbers in the national economy. Tr. 48. Specifically, the ALJ found that that Winningham could perform sedentary work as a food and beverage order clerk (DOT # 209.567-014); information clerk (DOT # 237.367-046); and table worker (DOT #739.687-182). Tr. 49. Therefore, he was found not disabled. *Id.* The Appeals Council denied review. Tr. 12-18. Winningham filed the instant action seeking judicial review of Judge Saragas' final decision. *See* doc. 1.

### III.   ANALYSIS

Winningham makes two arguments. First, he argues that Judge Saragas erred in failing to articulate why he adopted the opinion of the

VE who testified before him at the 2022 hearing instead of adopting the opinion of the VE who testified before Judge Petersen at the 2021 hearing. *See* doc. 21 at 2, 13-14. Second, he argues the ALJ erred in failing to address Winningham's alleged balance problems, when such balance problems may erode the Sedentary Occupational Base. *See id.* at 2, 14-17.

As to Winningham's first argument, the VE at the 2021 hearing, Ashley Welles, testified that needing either a crutch or crutches to ambulate to and from a work area "would eliminate competitive employment." Tr. 171-72 (2021 hearing transcript). However, Brenda Dumas, the VE at the 2022 hearing, testified that a person who relied on an assistive device used in either one upper extremity or in both upper extremities could perform some sedentary work. Tr. 149-50 (2022 hearing transcript). An ALJ who receives a claimant's case on remand is not required to rely on the previous ALJ's decision and must consider all pertinent issues *de novo*. *See* HALLEX 1-2-8-18, 1993 WL 643058 (May 26, 2017). But the second ALJ's obligation to consider the pertinent issues *de novo* does not relieve him of his duty to consider all the evidence in the record before reaching a final decision. *See* 20 C.F.R.

§ 416.920(a)(3) ("We will consider all evidence in your case record when we make a determination or decision whether you are disabled."). Here, in deciding *de novo* whether Winningham was disabled, Judge Saragas explicitly stated that he reached his decision "[a]fter careful consideration *of the entire record*." Tr. 31 (emphasis added). VE Welles' testimony was in the record. While the ALJ relied on other portions of the 2021 hearing in his final decision, *see, e.g.*, tr. 32, the final decision does not even acknowledge VE Welles' testimony, much less address the fact that VE Welles' testimony conflicts with VE Dumas' or explain why VE Dumas' opinion was credited over VE Welles' opinion, *see* tr. 48-49.

VE Welles opined in no uncertain terms that use of a crutch or crutches would eliminate competitive employment. Tr. 171-72 (2021 hearing transcript). In Judge Saragas' first hypothetical to VE Dumas, which incorporated the specifics of Winningham's RFC, he told VE Dumas that "the person should at least have accessible a cane or assistive device to be used in one upper extremity for any periods standing or walking." Tr. 149 (2022 hearing transcript) (emphasis added). VE Dumas testified that the person could do sedentary work as a food and beverage order clerk, information clerk, or table worker. Tr. 149 (2022

hearing transcript). Then, the ALJ asked if her answer would change if the person needed an assistive device that required the use of both upper extremities rather than just the use of one upper extremity:

> ALJ: For hypothetical 2, imagine the same hypothetical as number 1 but change the use of a cane in one upper extremity as needed to the need for crutches or a walker that would require both upper extremities for any period of standing or walking. Does that still allow for the sedentary work you gave me?

> VE Dumas: I would say yes because the person is primarily seated to do the essential functions of the job, Judge, if those crutches or walker was to ambulate only.

Tr. 149-50 (2022 hearing transcript).

Thus, the VEs' opinions conflict on two fronts. First, VE Welles opined that the use of crutches would eliminate competitive employment, while VE Dumas opined that the use of crutches would not preclude sedentary work as a food and beverage order clerk, information clerk, or table worker. These opinions are obviously inconsistent. Judge Saragas explicitly adopted VE Dumas' opinion on this issue in his final decision at Step Five, without acknowledging VE Welles' contradictory testimony or explaining why he adopted VE Dumas' opinion that using crutches or a walker would not eliminate competitive employment. *See* tr. 49.

Second, Judge Saragas asked VE Dumas about the use of "a cane or *assistive device to be used in one upper extremity*." Tr. 149 (2021 hearing transcript) (emphasis added). *A* crutch–singular–would be an assistive device to be used in one upper extremity. In response to the hypothetical about a person who relied on cane or assistive device to be used in one upper extremity to ambulate, VE Dumas testified that that person could do certain sedentary jobs. Tr. 149 (2022 hearing transcript). VE Welles testified that use of "*a* crutch," singular, "*or* crutches," plural, "to ambulate to and from the work area . . . would eliminate competitive employment." Tr. 171-72 (2021 hearing transcript) (emphasis added). The VEs therefore disagree as to how using a single crutch would impact Winningham's ability to perform jobs that exist in significant numbers in the national economy. This is significant because the ALJ's RFC does not explicitly preclude the possibility that Winningham could use some other assistive device other than a cane, so long as the assistive device is only to be used in one upper extremity. The RFC says that "[t]he claimant should have access to the use of a cane (an assistive device) to be used in one upper extremity for any standing/walking." Tr. 36. In explaining the RFC determination, Judge Saragas characterizes the RFC

as "generously allowing for the use of an assistive device requiring the use of one upper extremity for any standing and/or walking." Tr. 48. He does not say that Winningham is limited to *only* using a cane, specifically. *See* tr. 35-48. If the RFC allows Winningham to use any assistive device to be used in one upper extremity, then it necessarily contemplates that Winningham might use a single crutch as an assistive device–which, per VE Welles, would eliminate competitive employment and alter the Step Five determination.

Winnginham argues that the ALJ had a duty to "explain why one vocational expert's testimony was adopted over another." *See* doc. 21 at 13-14. To ensure that the final decision is supported by substantial evidence, ALJs are often required to make specific statements or findings about how they weighed evidence or resolved conflicting evidence. "[W]hen the ALJ fails to 'state with at least some measure of clarity the grounds for his decision,' [reviewing courts] will decline to affirm 'simply because some rationale might have supported the ALJ's conclusion.'" *Winschel*, 631 F.3d at 1179 (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)). For example, in considering medical evidence when determining a claimant's RFC, "the ALJ must state with

particularity the weight given to different medical opinions and the reasons therefor" because "'[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Id.* (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)); *see also* 20 C.F.R. § 404.1520c(b) (indicating that for claims filed on or after March 17, 2017, the ALJ "will articulate in [his] determination or decision how persuasive [he] f[ou]nd all of the medical opinions and all of the prior administrative in [the claimant's] record").

Specific to a VE's testimony, ALJs have an affirmative duty to identify apparent conflicts between the VE's testimony and the DOT, ask the VE about the conflicts, resolve them, and explain how the conflicts were resolved in the final decision. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1365 (11th Cir. 2018).  If an ALJ fails to discharge this duty, his decision is not supported by substantial evidence. *Id.* at 1362. ALJs also have an affirmative duty to identify and explicitly resolve internally inconsistent testimony from a VE.  For example, if a VE "alters his initial testimony" regarding what kind of work a claimant might

perform after cross-examination, his "equivocal and contradictory" testimony "does not rise to the level of substantial evidence" unless the ALJ explicitly addresses and resolves the conflicting testimony. *Jackson v. Richardson*, 449 F.2d 1326, 1330 (5th Cir. 1971)[4] (remanding for further proceedings to determine whether the claimant could engage in substantial gainful activity after the ALJ failed to reconcile the VE's contrary opinions on the issue); *see also Kilgore v. Kijakazi*, 2021 WL 5759034, at *8 (M.D. Pa. Dec. 3, 2021) (recommending remand "where the Vocational Expert testified in a contradictory fashion and that contradiction was not acknowledged, addressed, and resolved by the ALJ"); *Lurry v. Comm'r of Soc. Sec.*, 2021 WL 4771269, at *9 (S.D. Ohio Oct. 13, 2021) (finding that substantial evidence did not support the ALJ's step five finding when "the VE's testimony was unclear as to whether Plaintiff could perform the relevant occupations, but the ALJ did not explain how she resolved the conflicts in the testimony").

It does not appear that any court in the Eleventh Circuit has ever addressed whether an ALJ must explicitly resolve conflicting testimony

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

between two different VEs when a claimant's case has been remanded to a new ALJ for another hearing.  But at least one federal court has considered the issue, and held that an "ALJ's failure to reconcile the inconsistent VE testimony . . . resulted in a decision that was not based on substantial evidence or the correct legal standards." *Vishner v. Colvin*, 2017 WL 1433337, at *5 (W.D.N.Y. Apr. 24, 2017).  In finding that the ALJ had a duty to address the conflicting VE testimony, the *Vishner* Court relied on authority establishing an ALJ's duty to resolve conflicts between VE testimony and the DOT and to resolve any internally inconsistent VE testimony.  *See id.* at *4-5.  Given the binding authority in this circuit that establishes an ALJ's affirmative duty to resolve apparent conflicts between VE testimony and the DOT, *see, e.g.*, *Washington*, 906 F.3d at 1365, and resolve internally inconsistent VE testimony, *see, e.g.*, *Jackson*, 449 F.2d at 1330, the Court agrees with the *Visnher* Court's holding.  When a claimant's case has been remanded to a new ALJ for a new hearing, the new ALJ has an affirmative duty to explicitly resolve any conflicts between the VE testimony elicited during the new hearing and any VE testimony already in the record.  *Vishner*, 2017 WL 1433337, at *5.  Failure to identify and resolve conflicting

testimony from two VEs results in a decision that is not supported by substantial evidence. *Id.*; *cf. Washington*, 906 F.3d at 1362; *Jackson*, 449 F.2d at 1330.

It is an ALJ's "duty . . . to resolve conflicts in the evidence and testimony." *Battle v. Astrue*, 243 F. App'x 514, 523 (11th Cir. 2007). While an ALJ may rely solely on a single VE's testimony in reaching his final decision, *cf. Jones v. Apfel*, 190 F.3d 1224, 1230 (11th Cir. 1999), if one VE's testimony is inconsistent with another VE's testimony that is also in the record, the ALJ's final decision should consider and resolve any inconsistencies between the two VEs' opinions. *Vishner*, 2017 WL 1433337, at *5; *cf. Washington*, 906 F.3d at 1365-67 (remanding for further proceedings when an ALJ failed to identify and examine an inconsistency between an ALJ's testimony and the DOT); *Jackson*, 449 F.2d at 1330 (remanding for further proceedings to determine whether the claimant could engage in substantial gainful activity after the ALJ failed to reconcile the VE's contrary opinions on the issue). "In the absence of such a[n analysis], it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is

rational and supported by substantial evidence." *Cowart*, 662 F.2d at 735.

Because Judge Saragas neither identified nor resolved the VEs' conflicting testimony, nor did he explain why he apparently discredited VE Welles' conclusion that someone who used a crutch or crutches could not engage in competitive employment, the Court cannot conclude that the final decision was supported by substantial evidence and cannot affirm. For the reasons set forth above, this matter is **REMANDED** to the Social Security Administration for further proceedings under 42 U.S.C. § 405(g). *See Vishner*, 2017 WL 1433337, at \*5; *cf. Jackson*, 449 F.2d at 1330; *Washington*, 906 F.3d at 1366-67.

Because the Court is remanding on this issue, it offers no opinion as to whether the ALJ erred in failing to address Winningham's balance. *See Pupo v. Comm'r, Soc. Sec. Admin.*, 17 F.4th 1054, 1066 n.4 (11th Cir. 2021) (offering no opinion on all alleged errors when remand was required on other issues, but instructing on remand that "the ALJ is to reconsider [claimant's] claim based on the entire record").

## IV.   CONCLUSION

The Court determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence because the ALJ did not explicitly resolve the VEs' conflicting testimony before relying on VE Dumas' testimony to conclude that Winningham could perform some sedentary work.  *See Vishner*, 2017 WL 1433337, at *5; *cf. Jackson*, 449 F.2d at 1330; *Washington*, 906 F.3d at 1366-67.  Therefore, the ALJ's decision is **REMANDED** for further proceedings consistent with this Order.

**SO ORDERED**, this 22nd day of August, 2024.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA